## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**JOSEPH RUDY,**

    **Plaintiff,**

v.

**SYNERGETIC COMMUNICATION, INC., and USI SOLUTIONS INC.,**

    **Defendants.**

Case No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** Plaintiff, Joseph Rudy, by and through the undersigned counsel and for his Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq*. ("FCCPA"). against Defendants, Synergetic Communication, Inc. and USI Solutions Inc., alleges as follows:

## NATURE OF THE ACTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq.* ("FCCPA").

2.    The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair

debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. at § 1692(a).

3.     The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *See id.* at 1258.

4.     The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5.     Under the foregoing standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *See id*. at 1193–95.

6.     Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *See id.* at 1201.

7.    The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted)

8.    After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA.  The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552

## JURISDICTION AND VENUE

9.    This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

10.    This court has jurisdiction of the state law claim under 28 U.S.C. § 1367.

11.    Venue is proper in this District because part of the acts occurred within this District and Plaintiff resides within this District.

## PARTIES

12.     Plaintiff, Joseph Rudy (hereinafter "Mr. Rudy" or "Plaintiff") is a natural person currently residing in the County of Pinellas, State of Florida.

13.     Plaintiff is a natural person allegedly obligated to pay a debt.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and §559.55(8) of the FCCPA.

15.     Defendant, Synergetic Communication, Inc. is a Texas corporation with a mailing address of 5450 Northwest Central, Suite 220, Houston, TX 77092 (hereinafter "Synergetic").

16.     Synergetic is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and § 559.55(7) of the FCCPA.

17.     Synergetic regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

18.     Defendant, USI Solutions, Inc., is a Pennsylvania corporation with a mailing address of 925 Canal Street, Bristol, PA 19007 (hereinafter "USI").

19.     USI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and § 559.55(7) of the FCCPA.

20.     USI regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

21.     USI is a creditor as defined by § 559.55(5) of the FCCPA.

22.    USI and Synergetic Communication are hereinafter collectively referred to as the "Defendants".

## **FACTS**

23.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

24.    On or about December 23, 2020, an initial dunning letter was sent to Mr. Rudy from Synergetic Communication, seeking to collect a debt in the amount of $8,088.16, account number XXXX532, owed to "USI Solutions Inc" and originally owed to "Chrysler" (the "Letter").

25.    A true and accurate, redacted, copy of the Letter is attached as **Exhibit 1** and incorporated herein by this reference.

26.    The debt is a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27.    Upon information and belief, the Letter is a form letter and/or computer-generated letter.

28.    The in the pertinent part, the Letter states the "Original Creditor" is "Chrysler".

29.    Mr. Rudy does not have any outstanding obligations with Chrysler.

30.     Upon information and belief, the debt relates to a lease through Chrysler Financial that Mr. Rudy's wife (Ms. Chavez) at the time maintained approximately 20 years ago.

31.     Mr. Rudy was not an accountholder or guarantor on the lease with Chrysler Financial.

32.     Upon information and belief, USI regularly purchases or is assigned zombie debts for debt collection purposes.

33.     Upon information and belief, USI is not the actual owner of the debt.

34.     In fact, Defendant USI's own website[1] boasts of "Collecting What Others Can't".

35.     Mr. Rudy has never had any business dealings with either of the Defendants.

36.     The Letter was sent to PO Box 592 Chesterfield, MO 63006.

37.     Mr. Rudy has never maintained the foregoing address or used the foregoing address for any business or personal dealings.

38.     Upon information and belief, Defendants never performed any location scrub to determine if the PO Box was an address owned or used by Mr. Rudy.

39.     Mr. Rudy has resided in Pinellas County, Florida since the Summer of 2019.

---

[1] http://unitrustsolutionsinc.com/

40.     Upon information and belief, the foregoing address is used for an organization that is run by Ms. Chavez.

41.     The Letter was received at the foregoing address by a third party, which disclosed that the Defendants were attempting to collect the debt from Mr. Rudy.

42.     Mr. Rudy was notified about the Letter from a third party, which caused Mr. Rudy embarrassment and emotional distress.

43.     To the extent Mr. Rudy was an accountholder or guarantor on the lease, Mr. Rudy retained and paid an attorney to handle this matter with Chrysler Financial 20 years ago.

44.     Mr. Rudy's attorney informed Chrysler Financial of his representation when the vehicle was returned to Chrysler Financial.

45.     At that time, Mr. Rudy's counsel disputed the debt with Chrysler Financial due to incorrect allocation of the collateral and this matter was resolved with Chrysler Financial.

46.     Defendants knew, or should have known, at the time they sent the Letter, that Mr. Rudy was represented by counsel regarding the debt, the debt was disputed with Chrysler Financial, and such matter was settled with Chrysler Financial.

47.     Defendants knew, or should have known, at the time they sent the Letter, that Mr. Rudy did not owe the debt.

48.    Defendants' Letter included multiple different addresses within the letter, one at the top (a TX address) and one at the bottom (an ID address), which created confusion to Mr. Rudy as to which address a written dispute should be sent.

49.    Defendants' Letter contained a "Discounted Payment Offer" with the intention of enticing Mr. Rudy to pay the zombie debt which is not owed, without warning him of the potential tax consequences of accepting such offer.

50.    Defendants' Letter contained a bar code, as well as an account numbers that, upon information and belief, contained sensitive and identifying information of Mr. Rudy, and were positioned next to the name and address in a manner that such were visible through the glassine window of the envelope.

51.    Upon information and belief, Defendants have a pattern and practice of attempting to collect zombie debt in the hopes of tricking consumers into paying these debts that they would normally dispute, or may not owe.

52.    Defendants conduct as described herein, caused Mr. Rudy anxiety and emotional distress, as well as loss of time as a self-employed person researching the debt.

53.    Mr. Rudy was required to hire counsel to investigate Defendants' conduct described herein due to concerns that Defendants would continue to attempt to collect a debt that isn't owed.

## FIRST COUNT – USI SOLUTIONS INC.
### Violation of § 559.72(9) of the FCCPA

51.     Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

52.     Section 559.72(9) of the FCCPA provides that a creditor shall not: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

53.     USI knew that it did not have a legal right to collect the debt not owed.

54.     USI violated Section 559.72(9) of the FCCPA.

## SECOND COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

55.     Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

56.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

58.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

59.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

60.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

61.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

62.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

63.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

65.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

66.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

67.     The Letter alleges that Plaintiff owed a debt to USI.

68.     Plaintiff did not owe a debt to USI.

69.     Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect.

70.     The Letter states an "Original Creditor" of "Chrysler".

71.     Plaintiff does not owe any obligations to Chrysler.

72.     Upon information and belief, the originating creditor was Chrysler Financial.

73.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a false representation made by Defendant's, in violation of 15 U.S.C. § 1692e.

74.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to

collect, is a deceptive representation made by Defendants in violation of 15 U.S.C. § 1692e.

75.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a misleading representation made by Defendants, in violation of 15 U.S. C. § 1692e.

76.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a false representation of the character of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

77.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a false representation of the amount of the alleged debt, in violation of 15 U.S.C § 1692e(2)(A).

78.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a false representation of the legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

79.     Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to

collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

80. Defendant's allegation that Plaintiff owed a debt, when Plaintiff did not owe any money at all to USI, the entity on whose behalf Synergetic was seeking to collect, is a deceptive means used in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

81. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), therefore is liable to Plaintiff.

### THIRD COUNT – Synergetic Communication, Inc. and USI Solutions Inc. Violation of 15 U.S.C. § 1692c(b)

82. Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

83. 15 U.S.C. § 1692c(b) *"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy,* **a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer**, *his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."*

84.     The Letter sent to Plaintiff was mailed and delivered to an address that Plaintiff never resided.

85.     The Letter sent to Plaintiff was mailed and delivered to an address that Plaintiff doesn't own.

86.     The Letter sent to Plaintiff was mailed and delivered to an address that Plaintiff never used.

87.     As of the date of the Letter, Plaintiff was a resident of Florida.

88.     The Letter was received and read by at least one third party.

89.     Defendants violated § 1692c(b) of the FDCPA.

**FOURTH COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
Violation of 15 U.S.C. § 1692c**

90.     Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

91.     15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "*if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…*"

92.     USI received notice or should have known that Plaintiff was represented by an attorney with respect to the debt.

93.     Synergetic is an agent of USI.

94.   USI knew Plaintiff was represented by an attorney when Synergetic sent the Letter.

95.   Defendants violated § 1692c(a)(2) of the FDCPA.

**FIFTH COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
Violation of § 559.72(9) of the FCCPA**

96.   Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

97.   Section 559.72(9) of the FCCPA provides that a debt collector shall not: "*Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*"

98.   USI knew that it did not have a legal right to collect the debt not owed.

99.   Synergetic is an agent of USI.

100.   Defendants violated Section 559.72(9) of the FCCPA.

**SIXTH COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
Violation of § 559.72(18) of the FCCPA**

101.   Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

102.   Section 559.72(18) of the FCCPA states that a debt collector shall not: "*Communicate with a debtor if the person knows that the debtor is represented by*

*an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"*

103.   USI received notice or should have known that Plaintiff was represented by an attorney with respect to the debt.

104.   USI knew or should have known Plaintiff was represented by an attorney when Synergetic sent the Letter.

105.   Synergetic is an agent of USI.

106.   Defendants violated Section 559.72(18) of the FCCPA.

**SEVENTH COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

107.   Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

108.   15 U.S.C. § 1692g provided that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, including:

a)   A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. See 15 U.S.C. § 1692g(a)(3).

b) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. See 15 U.S.C. § 1692g(a)(4).

c) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(5).

109.   In order to be entitled to obtain verification of the debt or a copy of the judgment against the consumer, or the name and address of the original creditor, if different from the current creditor, the consume must request such in writing.

110.   A debt collector has the obligation to not just convey the required 1692g disclosures, but also convey such clearly.

111.   Even if the debt collection conveys the required 1692g disclosures accurately, the debt collector violates the FDCPA if the disclosures are overshadowed or contradicted by other language contained within the communication.

112.   Even if the debt collection conveys the required 1692g disclosures accurately, the debt collector violates the FDCPA if the disclosures are overshadowed or contradicted by other collection activities during the 30-day validation period following the communication.

113.   Among other things, 15 U.S.C. § 1692g(b) provides any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

114.   A collection activity or communication overshadows or contradicts the 1692g validation notice if it would make the least sophisticated consumer uncertain or confused as to his rights.

115.   The Letter contain multiple address for Synergetic.

116.   The first address, located at the top of the Letter is, 5450 N.W. Central #220 Houston, TX 77092.

117.   The second address, located at the bottom of the Letter is, 8596 Wayne Drive, Suite A5 Hayden, ID 83835-5068.

118.   The Letter fails to instruct the consumer as to which of the multiple addresses provided within the Letter, should a written dispute be sent.

119.   As a result of the foregoing, the least sophisticated consumer would likely be confused or uncertain as to which of the multiple addresses he should send his written dispute.

120.   Due to the lack of clear direction as to where to mail a written dispute, the least sophisticated consumer would likely not dispute the debt at all.

121.   Due to the lack of clear direction as to where to mail a written dispute, the least sophisticated consumer would likely not dispute the debt at all because he would be hesitant to call the collection agency where highly trained and aggressive debt collectors answers calls.

122.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the debt.

123.   The Letter fails to instruct the consumer as to which of the multiple addresses provided within the Letter, should a consumer send written request for the name and address of the original creditor.

124.   As a result of the foregoing, the least sophisticated consumer would likely be confused or uncertain as to which of the multiple addresses he should send his request.

125.   Due to the lack of clear direction as to where to mail a written dispute, the least sophisticated consumer would likely not request the information at all.

126.    Due to the lack of clear direction as to where to mail the request, the least sophisticated consumer would likely not dispute the debt at all because he would be hesitant to call the collection agency where highly trained and aggressive debt collectors answers calls.

127.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request the name and address of the original creditor.

128.    As a result of the multiple addresses contained within the Letter, the least sophisticated consumer would be uncertain or confused as to his rights.

129.    The multiple addresses overshadow the consumer's rights to dispute the debt provided by 1692g(a)(3).

130.    The multiple addresses overshadow the consumer's rights to receive verification of the debt or a copy of the judgment as provided by 1692g(a)(4).

131.    The multiple addresses overshadow the consumer's rights to request the name and address of the original creditor as provided by 1692g(a)(5).

132.

**SEVENTH COUNT – Synergetic Communication, Inc. and USI Solutions Inc.
Violation of 15 U.S.C. §§ 1692g(b)**

133.    Plaintiff repeats and realleges the foregoing paragraphs 1 through 50 as if fully restated herein.

134. 15 U.S.C. § 1692g provided that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, including:

a) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. See 15 U.S.C. § 1692g(a)(3).

b) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. See 15 U.S.C. § 1692g(a)(4).

c) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(5).

135.   Among other things, 15 U.S.C. § 1692g(b) provides any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

136.   A debt collector has the obligation to not just convey the required 1692g disclosures, but also convey such clearly.

137.   Even if the debt collection conveys the required 1692g disclosures accurately, the debt collector violates the FDCPA if the disclosures are overshadowed or contradicted by other language contained within the communication.

138.   The date of the Letter is December 23, 2020.

139.   Upon information and belief, the Letter was not mailed on December 23, 2020.

140.   Upon information and belief, the Letter was not mailed until sometime after December 23, 2020.

141.   At the top portion of the body of the Letter, the Letter indicates, "…USI Solution Inc., has placed this account in our office for collection in the amount of $8,088.16."

142.   Immediately underneath, the Letter provides a "discount" to "resolve" the debt and payment must be received by "02/06/21".

143.   Further down beneath the signature line, the Letter provides the 1692g disclosure.

144.   Unlike the Mini-Miranda notice, "This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.", which is above the signature line and is bolded, the 1692g disclosure is in the same font style as the demand for payment and below the signature line.

145.   The 1692g disclosure, relative to other language in the Letter, is visually inconspicuous, intended to blend in with all of the other language.

146.   The Letter lacks any transitionary language when demanding payment, such as, "See Important Notice Below" or "Subject to your rights as set forth below", directing Mr. Rudy to the 1692g disclosure.

147.   The Letter demands payment withing 30 days of Plaintiff's receipt of the Letter.

148.   Defendants knowingly and intentionally mailed the Letter during the holidays, during a national pandemic, when they knew the U.S. Mail was running significantly slower than historical delivery times, which demanded payment within 30 days of Plaintiff's receipt of the Letter.

149.   The demand for payment within the Letter violates 1692g(b).

150.   The format of the Letter overshadows the consumer's right to dispute the debt in violation of 1692g(b).

151.   The format of the Letter overshadows the consumer's right to request the name and address of the original creditor in violation of 1692g(b).

152.   The format of the Letter overshadows the consumer's right to demand verification of the debt in violation of 1692g(b).

153.   The lack of transitionary language directing the consumer to the 1692g disclosure violates 1692g(b).

## JURY DEMAND

154.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered:

a.   Finding Defendant, Synergetic Communication, Inc.'s actions violate the FCCPA; and

b.   Finding Defendant, Synergetic Communication, Inc.'s actions violate the FDCPA; and

c.   Finding Defendant, USI Solutions Inc.'s actions violate the FCCPA; and

d.   Finding Defendant, USI Solutions Inc.'s actions violate the FDCPA; and

e.   Granting statutory and actual damages against Defendant, USI Solutions Inc. pursuant to 15 U.S.C. § 1692k; and

f.  Granting statutory and actual damages against Defendant, USI Solutions Inc.'s pursuant to § 559.77(2) of the FCCPA; and

g.  Granting statutory and actual damages against Defendant, Synergetic Communications, Inc. pursuant to 15 U.S.C. § 1692k; and

h.  Granting statutory and actual damages against Defendant, Synergetic Communications, Inc. pursuant to § 559.77(2) of the FCCPA; and

i.  Granting punitive damages against Defendant, USI Solutions Inc. pursuant to § 559.77(2) of the FCCPA; and

j.  Granting punitive damages against Defendant, Synergetic Communications, Inc. pursuant to § 559.77(2) of the FCCPA; and

k.  Granting injunctive relief Defendant, USI Solutions Inc. pursuant to § 559.77(2) of the FCCPA; and

l.  Granting injunctive relief Defendant, Synergetic Communications, Inc. pursuant to § 559.77(2) of the FCCPA; and

m. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Florida Stat. § 559.77(2); and

n. Granting Plaintiff's costs; all together with

o. Such other relief that the Court determines is just and proper.

Respectfully submitted this **March 15, 2021**,

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*